## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK
## BROOKLYN DIVISION

| | |
|---|---|
| IRIS ABAEV,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CENTENE MANAGEMENT COMPANY LLC,<br><br>                    Defendant. | Civil Case No.: 1:25-cv-01511<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, IRIS ABAEV, by and through her attorneys, CONSUMER ATTORNEYS PLLC, hereby complains of the Defendant, CENTENE MANAGEMENT COMPANY LLC, upon information and belief, as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action alleging that Defendant has violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of her actual and/or perceived disability and retaliated against following her request for a reasonable accommodation.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the ADA (42 U.S.C. § 12188).

3.      This Court has supplemental jurisdiction over related state claims of the NYSHRL and NYCHRL against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York

## PROCEDURAL REQUIREMENTS

5.      Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue from the EEOC on January 6, 2025, with respect to the herein charges of discrimination and retaliation.

7.      This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

8.      Plaintiff therefore exhausted her administrative remedies as is required by Title VII.

## PARTIES

9.      At all relevant times, Plaintiff was and is a resident of the State of New York, Nassau County.

10.     Upon Information and belief, Defendant is a foreign registered limited liability company duly existing pursuant to, and by virtue of, laws of the State of Wisconsin that is authorized to do business in the State of New York, including in this district.

11.     Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

12.     At all relevant times, Plaintiff was an employee of Defendant, located at 1 Court Square, Long Island City, NY, 11101.

## STATEMENT OF FACTS

13.     Plaintiff commenced employment with Defendant in or around January 2018, wherein she served as a care manager.

14.     Plaintiff steadfastly performed her job duties in a loyal, efficient, and reliable manner.

15.     Plaintiff maintained an unblemished record of employment aside from a single retaliatory complaint, addressed further *infra*, made by her direct manager (hereinafter the "Manager").

16.     The Manager supervised Plaintiff during the course of her employment and was employed as a Manager by Defendant.

17.     On or about December 10, 2018, Plaintiff took leave from work due to complications concerning her pregnancy, whereupon she returned to work on or around January 9, 2019.

18.     On or about December 11, 2018, the Manager called Plaintiff in the yelled at her, demanding to know how she could take leave when the "team was drowning" and asking her "how could [she] do this?"

19.     On or about March 25, 2019, Plaintiff took another leave of absence as a result of the birth of her child.

20.     Plaintiff thereafter suffered from post-partum depression and took an extended leave of absence until on or about November 27, 2019.

21.     The Manager continued to harass Plaintiff about taking leave during the period from March 25, 2019, through November 27, 2019.

22.     Upon information and belief, another employee of Defendant who was pregnant and gave birth in or about January 2019, experienced similar struggles with the Manager.

23.     Specifically, the Manager yelled at the other employee in the cafeteria for taking a break to eat something, despite the fact the other employee had requested and received an accommodation to take breaks due to her pregnancy.

24.     Notably, prior to Plaintiff taking her most recent leave, she was given menial work that was not consistent with her position as a Registered Nurse.

25.     Specifically, Plaintiff was directed to perform work that is more appropriately given to a Service Coordinator, which work fell outside of her regular job duties.

26.     Defendant's conduct in this regard evidences a discriminatory and retaliatory animus towards Plaintiff for taking leave in the past.

27.     In another instance of the Manager's harassment, he scheduled a meeting with Plaintiff to yell at her for not working past her scheduled hours, and compared her to another employee (who had not taken leave) who did work late.

28.     Plaintiff's refusal to acquiesce to the Manager's harassment and work additional hours, which was an impossible demand as her one (1) year old child could not be left home alone, led directly to the sole retaliatory complaint against Plaintiff by the Manager.

29.     Through these instances, Plaintiff observed that Defendant allowed for employees to be discriminated and retaliated against for taking leave or requesting reasonable accommodations.

4

30.     Further, Plaintiff noticed that employees who requested leave and/or reasonable accommodations, such as herself, were denied employment advances or given menial work as opposed to employees who had not.

31.     Notably, Plaintiff was looked over for job advancement opportunities in favor of other employees who had not requested leave or accommodations in the past or who had capitulated to the Manager's harassment to not take leave and work late hours.

32.     In or about June 2020, Plaintiff also took COVID-related leave for herself and to care for her grandmother and returned to work in or about May 1, 2020.

33.     Plaintiff was once again subjected to harassment by Defendant due to objections related to her taking leave during this time.

34.     Despite a company policy allowing leave for COVID-related absence, Plaintiff was discriminatorily refused approval for days off for this purpose.

35.     At this point, Plaintiff was able to see a clear pattern of discrimination and retaliation related to taking necessary and protected leave and accommodations.

36.     Further, Plaintiff realized that Defendant made no effort to address the culture of discrimination and retaliation that was permeated in the workplace against those who required necessary medical leave and accommodations.

37.     On or about March 9, 2021, Plaintiff suffered a head injury, requiring another extended period of leave where she was unable to work through October 2021.

38.     Plaintiff completed the FMLA paperwork and exhausted twelve (12) weeks of unpaid leave afforded to her under the law.

39.    Following the exhaustion of her FMLA leave, Plaintiff required a reasonable accommodation of additional unpaid leave due to her disability and requested such an accommodation.

40.    Defendant, however, never engaged Plaintiff in any interactive dialogue to determine whether it could provide her with a reasonable accommodation.

41.    Instead, in or about October 2021, Defendant terminated Plaintiff's longstanding employment.

42.    Defendant terminated Plaintiff on the ground that they could not hold her job open for her, without once ever: (i) inquiring as to her prognosis; (ii) determining her ability to return to work; or (iii) determining whether she could do so with a reasonable accommodation.

43.    Accordingly, as a result of Defendant's blatant and willful violations of multiple New York City, State, and federal employment laws, Defendant's actions have collectively detrimentally affected Plaintiff's emotional state of mind and caused her financial harm, as well.

44.    It is clear from the extremely short temporal proximity of Plaintiff's request for accommodations and Defendant's decision to terminate her that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

45.    Rather than engaging in a meaningful interactive dialogue, Defendant terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

46.    Accordingly, Plaintiff has been unlawfully discriminated against on the basis of her actual and/or perceived disabilities and for requesting an accommodation.

47.    Defendant acted intentionally and intended to harm Plaintiff.

48.    Defendant treated Plaintiff this way solely due to her disability, whether actual and/or perceived and for requesting an accommodation.

49.    Alternatively, Defendant's decision to terminate Plaintiff was at least in part substantially motivated by the advent of her disability and need for leave.

50.    Defendant retaliated against Plaintiff solely because she requested leave to care for her disability.

51.    As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

52.    Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53.    Plaintiff was and is disabled and has a serious health condition within the meaning of the ADA, NYSHRL, and NYCHRL and/or Defendant perceived Plaintiff to be disabled.

54.    Plaintiff is a qualified individual by virtue of her prior experience acting as a nurse who can perform the essential functions of her employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

55.    At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: looking at a computer screen, which caused dizziness, migraines, and vertigo.

56.    Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against her for seeking to permit her to seek leave as is her right under the law.

57.    The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing her.

58.    Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

59.    Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

60.    As such, Plaintiff demands punitive damages as against Defendant.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

61.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

62.    Section 12112 of the ADA, titled "Discrimination," provides:

a.    General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

63.    Defendant violated this section as set herein

**AS A SECOND CAUSE OF ACTION FOR RETALIATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

64.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65.    The ADA prohibits retaliation, interference, coercion, or intimidation.

66.    Section 12203 of the ADA provides:

a.    Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this

chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b.        Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of her or her having exercised or enjoyed, or on account of her or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

67.    Defendant violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

68.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

69.    The New York State Executive Law § 296(1)(a) provides in pertinent part:

It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

70.    Defendant violated this section as set herein.

//

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION
### <u>UNDER THE NEW YORK STATE EXECUTIVE LAW</u>

71.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72.    New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because she has opposed any practices forbidden under this article."

73.    Defendant violated this section as set forth herein.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>

74.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75.    The New York City Administrative Code §8-107(1) provides:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **<u>disability</u>**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

76.    Defendant violated this section as set forth herein.

### AS AN SIXTH CAUSE OF ACTION FOR RETALIATION
### <u>UNDER THE NEW YORK CITY ADMINISTRATIVE CODE</u>

77.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

79.    Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

## JURY DEMAND AND PRAYER FOR RELIEF

80.    Plaintiff requests a jury trial on all issues to be tried. WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A.  Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA, ADA, NYSHRL, and NYCHRL, in that Defendant discriminated and retaliated against Plaintiff on the basis of her actual and/or perceived disability and requesting an accommodation.

B.  Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.  Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.  Awarding Plaintiff punitive damages;

E.  Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem

equitable, just and proper to remedy the Defendant' unlawful employment practices.

Dated: Flushing, New York
       March 18, 2025

**CONSUMER ATTORNEYS, PLLC**
By:/s/ *Emanuel Kataev*
Emanuel Kataev, Esq.
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Iris Abaev*