

**Littler Mendelson P.C.**
900 Third Avenue
8th Floor
New York, NY  10022

Rebecca Goldstein
Shareholder
212.497.6854 direct
rgoldstein@littler.com

June 2, 2025

**VIA ECF**
Hon. Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:     Iris Abaev v. Centene Management Company, LLC**
**Case No. 1:25-cv-01511-RER-VMS**

Dear Judge Reyes:

    This firm represents Defendant Centene Management Company, LLC in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rules IV, we write to respectfully request a pre-motion conference pursuant to Fed. R. Civ. P. 12 (b)(6) regarding Defendant's anticipated motion to dismiss the Complaint ("Complaint" or "Compl.") filed by Plaintiff Iris Abaev ("Plaintiff"), with prejudice. (Dkt. No. 1.)

## I.     RELEVANT FACTUAL HISTORY

    Plaintiff alleges she was employed by Defendant as a care manager beginning in January 2018. (Compl. ¶ 13.) She claims her employment was terminated on October 19, 2021, in violation of Title I of the Americans with Disabilities Act ("ADA"), Section 296 of the New York State Human Rights Law ("NYSHRL"), and Section 8-107 of the New York City Human Rights Law ("NYCHRL"), asserting that the termination was based on her disability and related requests for accommodations. (Compl. ¶¶ 39–50.)

    On November 2, 2024, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (the "EEOC Charge"). A true and correct copy of the EEOC Charge is attached hereto as Exhibit A. On January 6, 2025, Plaintiff received a right-to-sue letter from the EEOC, which dismissed the EEOC Charge as untimely. A true and correct copy of the right-to-sue letter is attached hereto as Exhibit B.

    Plaintiff then had ninety (90) days to file suit. See 42 U.S.C. § 2000e-5(f)(1); Ex. B. On March 18, 2025, she filed the Complaint in the Eastern District of New York, asserting six causes of action: discrimination and retaliation under Title I of the ADA (First and Second Causes of Action), discrimination and retaliation under the NYSHRL (Third and Fourth Causes of Action), and discrimination and retaliation under the NYCHRL (Fifth and Sixth Causes of Action).

Honorable Ramon E. Reyes, Jr.
June 2, 2025
Page 2

## II.    ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED.

### A.    Plaintiff's ADA Claims Were Not Timely Filed With the EEOC and Thus Should Be Dismissed.

Plaintiff's ADA claims (First and Second Causes of Action) must be dismissed as untimely. (Compl. ¶¶ 61-67.) Under the ADA, a plaintiff must first file a timely charge with the EEOC and obtain a right-to-sue letter before initiating suit.[1] *See* 42 U.S.C. § 2000e–5(e) and (f); 42 U.S.C. § 12117(a). A charge is timely only if filed within 300 days of the allegedly discriminatory act. *See Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) (citing 42 U.S.C. § 2000e–5(e), as incorporated into the ADA by reference in 42 U.S.C. § 12117(a)). Thus, as noted by the EEOC in its dismissal of Plaintiff's EEOC Charge, any ADA claims that accrued more than 300 days before the EEOC filing are time-barred. *See* Ex. B.

The 300-day period begins when a plaintiff "knew or should have known of the adverse treatment upon which he or she will ultimately sue." *McMillan v. N.YC. Dep't of Corr.*, 152 F.3d 919 (2d Cir. May 29, 1998) (citing *Morse v. Univ. of VT*, 973 F.2d 122, 125 (2d Cir. 1992)). "The timeliness of a discrimination claim is measured from the date the claimant receives notice of the allegedly discriminatory decision." *Morse* at 125 (finding disability discrimination claims to be time-barred). Courts strictly adhere to the 300-day filing period. *See National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 108 (2002).

Here, per Plaintiff's Complaint and EEOC Charge, the allegedly discriminatory act was Plaintiff's termination from employment on October 19, 2021. (Compl. ¶ 41; EEOC Charge at p. 7.) Plaintiff did not file her EEOC Charge until three years later - on November 2, 2024—well beyond the 300-day deadline. The EEOC expressly acknowledged this in its right-to-sue letter, stating Plaintiff "waited too long after the date of the alleged discrimination to file [her] charge." *See* Ex. B; *see also Pilman v. New York City Hous. Auth.*, 64 F. App'x 293, 296 (2d Cir. 2003) (dismissing disability discrimination claim where the alleged discriminatory act occurred more than 300 days before filing of EEOC charge). The Complaint identifies no incidents remotely close in time to its filing, and no tolling doctrine applies.

That the EEOC issued a right-to-sue letter does not cure the untimeliness of the charge. *See McPherson v. New York City Dept. of Education*, 457 F.3d 211, 214 (2d Cir. 2006) ("a right-to-sue letter enables a private suit only if it is issued in connection with an administrative charge that is timely filed."). Because Plaintiff's ADA claims are based on conduct that occurred over three years before she filed her EEOC Charge, they are time-barred and must be dismissed.

---

[1] The ADA—specifically Title I, which governs employment discrimination—follows the same procedural requirements as Title VII of the Civil Rights Act. *See* 42 U.S.C. § 12117(a).

Honorable Ramon E. Reyes, Jr.
June 2, 2025
Page 3

### B.    Plaintiff's NYSHRL and NYCHRL Claims Are Time-Barred.

Plaintiff's remaining four causes of actions under the NYSHRL and NYCHRL similarly allege that by ending her employment on October 19, 2021, Defendant discriminated and retaliated against her based on her disability and requests for accommodation. Specifically, Plaintiff alleges that between December 2018 and October 2021, her manager engaged in conduct she characterizes as harassment related to her use of medical leave, assigned her duties she viewed as inconsistent with her role, denied her advancement opportunities, and ultimately terminated her employment following a request for additional unpaid leave on October 19, 2021. (Compl. ¶¶ 18, 21, 24–27, 30–31, 33-36, 40-42, 44-46, 49-50.) These claims are also untimely.

Claims under the NYSHRL and the NYCHRL are subject to a three-year statute of limitations. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ("claims under the NYSHRL and the NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts"). Here, the statute of limitations accrued on October 19, 2021 when Plaintiff's employment was terminated, and expired three years later on October 18, 2024. Plaintiff did not file her EEOC Charge until November 2, 2024.[2]

Absent any basis for tolling, Plaintiff's NYSHRL and NYCHRL claims are untimely. *See, e.g.*, *Santiago v. City of New York*, No. 20-cv-6098 (ALC) (SLC), 2024 WL 4354878, at *9 (S.D.N.Y. Sept. 28, 2024) (citing *Mejia v. T.N. 888 Eighth Ave. LLC Co.*, 169 A.D.3d 613, 614 (1st Dep't 2019) (ruling claims under the NYSHRL and NYCHRL as time-barred where they accrued more than three years prior to the commencement of the action)). Accordingly, Plaintiff's remaining four causes of action must also be dismissed.

### III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court schedule a pre-motion conference regarding its anticipated motion to dismiss the Complaint in its entirety. We thank the Court for its consideration.

Respectfully submitted,

*/s/ Rebecca Goldstein*
Rebecca Goldstein

Cc: All Parties (via ECF)

---

[2] A charge filed with the EEOC is automatically dual-filed with the New York State Division of Human Rights ("NYSDHR"), thus tolling the limitations period for state law claims during the pendency of the EEOC charge. Similarly, the EEOC's work-sharing agreement with the NYSDHR also tolls the NYCHRL limitations period. *See Cooper v. Wyeth Ayerst Lederle*, 106 F. Supp. 2d 479, 488 (S.D.N.Y. 2000). However, tolling cannot revive claims that were already time-barred at the time the EEOC charge was filed. *See Gonzaga v. Rudin Mgmt. Co., Inc.*, No. 15-cv-10139 (CM), 2016 WL 3962659, at *4 (S.D.N.Y. July 20, 2016). As such, tolling does not save Plaintiff's claims from dismissal here.